**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CV 06-B-0667-S |
| SOUTHEASTERN ENVIRON-MENTAL INFRASTRUCTURE LLC; LARRY RIVERS; DOSTER CONSTRUCTION CO., INC.; INTEGRAL DOSTER METRO GARDENS CONSTRUCTION - A JOINT VENTURE; INTEGRAL BUILDING GROUP L.L.C.; METROPOLITAN GARDENS DEVELOPERS L.L.C., ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) _____ ) ) | |
| SOUTHEASTERN ENVIRON-MENTAL INFRASTRUCTURE L.L.C., ) ) ) | |
| COUNTER CLAIMANT, ) ) | |
| v. ) ) | |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, ) ) ) ) | |
| COUNTER DEFENDANT, ) _____ ) | |

| | |
|---|---|
| METROPOLITAN GARDENS DEVELOPERS L.L.C.; DOSTER CONSTRUCTION CO., INC.; INTEGRAL DOSTER METRO GARDENS CONSTRUCTION - A JOINT VENTURE; INTEGRAL BUILDING GROUP L.L.C., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| COUNTER CLAIMANTS, | )<br>) |
| v. | )<br>) |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| COUNTER DEFENDANT. | ) |

# ORDER

Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court **ORDERS** as follows:

**A. MOTION TO COMPEL – DOC. 8**3

The Joint Venture filed a Motion to Compel asking the court to compel Penn National to produce the Coverage Question Report [CQR] and for leave to re-depose Jeff Bryant regarding the CQR, if needed. (Doc. 83 ¶¶ 5, 9.) Penn National contends that the CQR is protected by attorney/client privilege as it was prepared for and sent to in-house counsel. Also, Penn National represented to the court that it would not rely upon or present evidence of the advice of in-house counsel.

2

Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the Joint Venture's Motion to Compel, (doc. 83), is **DENIED**. The court further **ORDERS** that Penn National may not present evidence or argue that it relied upon the advice of in-house counsel.

**B.  MOTION TO STRIKE – DOC. 93**

Penn National asks to the court to strike the "loan receipt agreement" produced by the Joint Venture.  (Doc. 93.)  The loan receipt agreement was produced by the Joint Venture with its opposition to Penn National's Motion to Dismiss the Joint Venture's Counterclaims on the ground it had suffered no damages.  (*See* doc. 88 at 18-21.)  The agreement between Zurich and the Joint Venture states that the Joint Venture will repay Zurich for its defense of the Joint Venture in the state-court case and its payment of the settlement amount to Rivers, but only if the Joint Venture recovers from SEI or Penn National.  In essence, this is a subrogation agreement.

Alabama law recognizes the right of the insured to sue directly the alleged wrongdoer to recover amounts its insurer has paid on behalf of the insured.  Therefore, the Joint Venture may sue Penn National to recover any amount that Zurich paid on its behalf that rightfully should have been paid by Penn National.  *See Aetna Ins. Co. v. Hann*, 72 So. 48, 51 (Ala. 1916)("If [the insured] first applies to [his insurer], and [it pays] the whole loss voluntarily or at the end of a suit, [the insured] then holds the claim against [the third party] in trust, for [his insured].  He may sue therefor in his own name, for the use of [his insurer], or the

3

[insurer] may sue in [the insured's] name for [its] own use.")(citations omitted), *quoted in Brown Mechanical Contractors, Inc. v. Centennial Ins. Co.*, 431 So. 2d 932, 937 (Ala. 1983)("insured's 'demand against the wrongdoer must be satisfied so as to relieve him of trouble and risk; and it is this securing of satisfaction by the insured which gives the insurer the right to be subrogated to the rights of the insured against the wrongdoer'"). *See generally* Jenelle Mims Marsh, Charles W. Gamble, ALABAMA LAW OF DAMAGES § 27:10 (5th ed.)("Subrogation is an equitable principle that allows the insurer to step into the insured's shoes and claim the insured's rights against a third person who injured the insured. . . . When the insurer was subrogated to the insured's rights against the third party, the wrongdoer then bore the burden of reimbursing the insurer for payments it made to the insured because of the wrongdoer's actions.")(internal quotations and footnotes omitted). Such agreement

Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, Penn National's Motion to Strike, (doc. 93), is **DENIED**.

## C. MOTION TO COMPEL – DOC. 94; MOTION TO STRIKE SUPPLEMENT TO SEI'S BRIEF IN SUPPORT OF MOTION TO COMPEL, AND, ALTERNATIVELY, OPPOSITION THERETO – DOC. 103

SEI has filed a Motion to Compel, (doc. 94), asking the court to order Penn National "to respond to certain of its interrogatories and requests for production." (Doc. 95 at 39.) The court has reviewed SEI's discovery requests and Penn National's responses. Although, Penn National's responses appear inadequate, the court's Memorandum Opinion and Order

on the parties' Motions for Summary judgment have rendered the information sought irrelevant. Therefore, SEI's Motion to Compel responses to its discovery requests, (*see* doc. 95 at 39-44), is **DENIED**.

SEI also asks the court to order Penn National to produce the CQR and "communications between its representations and an in-house attorney and outside coverage counsel." (*Id*. at 21.) This part of the Motion to Compel is also due to be and is **DENIED**. (See, *supra*, pp. 2-3.)

Penn National asks the court to strike the supplement to SEI's Motion to Compel on the ground that the supplement was untimely filed. Penn National's Motion to Strike, (doc. 103) is **DENIED**. The court considered Penn National's opposition in deciding SEI's Motion to Compel.

**D. MOTION TO COMPEL ZURICH AMERICAN INSURANCE COMPANY – DOC. OTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY – DOC. 105; MOTION FOR PROTECTIVE ORDER IN REGARD TO DEPOSITION OF PAUL DENNIS – DOC. 109; MOTION FOR SANCTIONS AGAINST ZURICH AMERICAN INSURANCE COMPANY – DOC. 122**

These Motions concern a dispute between Penn National and the Joint Venture about whether discovery concerning Zurich and its coverage of the Joint Venture is appropriate. The Motion to Compel Zurich American Insurance Company, (doc. 98); the Motion for Leave to Conduct Additional Discovery, (doc. 105), and the Motion for Protective Order in Regard to Deposition of Paul Dennis, (doc. 109), are **DENIED** without prejudice to the

parties' right to re-file these Motions following the court's Status Conference, if appropriate.

Penn National's Motion for Sanctions, (doc. 122), is **DENIED**.

**E. MOTIONS TO DENY PENN NATIONAL'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO DEFER RULING ON SAME UNTIL ADDITIONAL DISCOVERY CAN BE OBTAINED – DOCS. 153, 154; AMENDED MOTION TO DENY PENN NATIONAL'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO DEFER RULING ON SAME UNTIL ADDITIONAL DISCOVERY CAN BE OBTAINED – DOC. 155**

SEI and the Joint Venture ask the court to deny Penn National's Motion for Summary Judgment and/or to allow them additional discovery based on their allegation that Penn National's representatives testified falsely regarding the non-existence of manual, standards, and/or guidelines regarding the handling of claims. Whether such manuals exist is not relevant to the court's determination of Penn National's Motion for Summary Judgment. Therefore, the Motions to Deny Penn National's Motion for Summary Judgment or to Defer Ruling, (docs. 153-55) are **DENIED**.

SEI and the Joint Venture may refile their request for additional discovery following the court's Status Conference, if appropriate.

**F. MOTION TO STRIKE SEI'S REQUEST FOR ADMISSIONS – DOC. 157**

Penn National asks the court to strike SEI's Request for Admissions on the ground it was sent to Penn National after the close of discovery. Unless the court orders otherwise, all discovery must be commenced in time to be completed before the discovery deadline set forth in the court's Scheduling Order. Because SEI did not have permission of the court to

conduct additional discovery after the deadline, Penn National's Motion to Strike, (doc. 157),

is **GRANTED**.

**DONE**, this the 31st day of March, 2008.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE